IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BARTHOLOMEW B. JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-179 |
| | ) | |
| MARTY ALLEN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion for leave to proceed IFP (doc. no 7) be **DISMISSED AS MOOT**, the § 2254 petition be **DISMISSED** as untimely, and this civil action be **CLOSED**.

**I. BACKGROUND**

On July 21, 2000, Petitioner pleaded guilty to rape, armed robbery, aggravated assault, and burglary in the Superior Court of Jefferson County, Georgia. (Doc. no. 1, p. 1.) Petitioner states he was sentenced to serve "life with parole" on July 21, 2000, which is also the date of the judgment of conviction. (Id.) Petitioner does not report filing a direct appeal. (Id.)

On April 18, 2008, Petitioner mistakenly filed his first habeas petition in federal court, intending to file in state court. (Id. at 4.) The Court construed the mistakenly filed

state petition as a § 2254 petition and dismissed it on the merits as untimely under 28 U.S.C. § 2244(d). See Jones v. Upton, CV 108-048, doc. nos. 5, 6, 7, 8 (S.D. Ga. Apr. 18, 2008). Then, Petitioner filed a state habeas petition in the Superior Court of Tattnall County on June 10, 2008, which the Superior Court dismissed as untimely on state law grounds. (Doc. no. 1, pp. 5-6.) Several years later, on October 15, 2013, Petitioner filed another federal petition, which the Court dismissed as successive based on his 2008 petition. See Jones v. Allen, CV 113-192, doc. nos. 1, 8, 10 (S.D. Ga. Oct. 15, 2013).

Before filing the instant petition, Petitioner sought Eleventh Circuit permission to file a second or successive petition. (See doc. no 1, pp.75-79.) The Eleventh Circuit held the District Court improperly characterized Petitioner's 2008 state petition as a federal one and should not have ruled on the merits. (Id.) Therefore, Petitioner did not need leave to file his present federal petition as it was not successive. (Id. at 79.)

Petitioner executed the instant habeas corpus petition on August 8, 2016. (Doc. no. 1-1.) The Northern District of Georgia filed the petition on September 13, 2016, and United States Magistrate Judge Janet F. King transferred the case to this District because Petitioner was convicted in Jefferson County, which is located within the Augusta Division of the Southern District of Georgia. (Doc. nos. 1, 3.) Petitioner claims his counsel was ineffective because he: (1) failed to investigate Petitioner's case; (2) failed to challenge an alleged illegal indictment; (3) failed to ensure Petitioner had a preliminary hearing; (4) failed to investigate Petitioner's mental capacity; (5) coerced Petitioner into a plea agreement; and (6) failed to challenge a detective's conflict of interest. (Doc. no. 1, pp. 31-44.)

## II. DISCUSSION

### A. The Petition Is Time-Barred.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal following his conviction and judgment on July 21, 2000, his conviction became "final" when the thirty day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final in August of 2000.

The Court recognizes, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Petitioner states he did not file his state habeas petition until June 20, 2008, although he mistakenly filed his state petition in federal court on April 18, 2008. (Doc. no. 1, pp. 2, 5.) Even if the Court accepts April 18, 2008 as the filing date of his state petition, the one-year limitations period for filing a federal petition had already long expired by the time he filed his state habeas petition, meaning no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, the instant petition filed in September of 2016, well over one year after his convictions became final in August of 2000, is untimely.

### B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner acknowledges there is a timeliness issue with his motion, but

4

contends it is the result of the Clerk of Court refusing to send him a copy of his plea hearing transcript (See doc. no. 1, p. 6.) However, Petitioner's inability to obtain a transcript does not delay or reset his one-year statute of limitations under any of these three statutory sections for any of his claims because he had personal knowledge of the contents of the transcript sufficient to file a timely petition. See Way v. Duffey, No. 7:09-CV-56 HL, 2010 WL 554236, at *3 (M.D. Ga. Feb. 10, 2010) ("The petitioner has not established that he was unaware of factual circumstances surrounding his sentencing transcript, as he was aware of the circumstances surrounding his sentencing, at which he was present.").

Even if the Clerk's failure to provide a transcript constituted a State-created "impediment" that tolled the statute of limitations, that impediment was cured and the one year time period began to run when the Clerk filed the transcript on January 16, 2004. (See doc. no. 1, p. 7.) Petitioner delayed another four years after this date before filing his first habeas petition, placing him well outside even the tolled statute of limitations period. (See id. at 4.) Thus, the Court concludes there is no basis for the statutory tolling of AEDPA's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate either he is entitled to equitable tolling or a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).

Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S._, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing his federal petition; he only claims a delay in acquiring a transcript. As discussed above, this does not excuse Petitioner's untimeliness. Nor has he presented any evidence, much less new, reliable evidence, to show he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have found him guilty beyond a reasonable doubt. Indeed, Petitioner raises nothing to call into question his commission of the offenses. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

### C. Petitioner's Motion to Proceed *In Forma Pauperis* Is Moot.

Petitioner filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 7.) Because Petitioner's § 2254 petition is ripe for dismissal for untimeliness, his motion for leave to proceed IFP should be **DISMISSED AS MOOT**.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion for leave to proceed IFP (doc. no 7) be **DISMISSED AS MOOT**, the § 2254 petition be **DISMISSED** as untimely, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of November, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA